IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT SMITH,                               Civil Action

       Plaintiff,                          No. 07-1464

v.                                          Judge McVerry

SPECIALTY POOL CONTRACTORS,

       Defendant.                          JURY TRIAL DEMANDED

### PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF HIS EMPLOYMENT HISTORY

Plaintiff, Robert Smith by undersigned counsel and pursuant to Fed. R.Evid. 402, 403 and 404(b), moves *in limine* to preclude evidence of the circumstances and facts of his prior employment with a different employer, and in support states the following

1.      This is an action under Section 1 of the Civil Rights Act of 1866, 42 U.S.C. §1981, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2.

2.      Plaintiff Robert Smith alleges he was subjected to discriminatory terms and conditions of employment because of his race and religion by his employer, Defendant Speciality Pool Contractors, when his supervisors repeatedly told him he was a Jew; reminded him that they did not like Jews, and then repeatedly referred to Smith as a Jew, Hebrew, Abraham and Kike.

3.      Many times, Smith's supervisor would refer to the Holocaust, and tell Smith: "Hitler did not do a good enough job because you (Smith) are still alive." At work, Smith's supervisors would taunt Smith by saying "Heil Hitler" and raising their hands in a Nazi salute.

4.      During discovery, and in its pretrial statement, Defendant has indicated that it intends to introduce evidence that Smith was dismissed from his prior employer, Jiffy Lube for what

Defendant calls "stealing" *See* [Defendant's Pretrial Statement [Doc. No. 31] at 2 and allegedly was "required after a magistrate hearing" to pay $1,200 to Jiffy Lube. [Defendant's Pretrial Statement [Doc. No. 31] at 6.

5. Smith now moves, pursuant to Fed.R.Evid. 402, 403, 404, 608 and 609 to preclude introduction of evidence of his discharge from Jiffy Lube as well as any private agreement that was reached between Smith and his former employer concerning reimbursement for items removed by Smith's subordinates while working there.

6. At the outset, any information regarding Smith's dismissal from his former employer is irrelevant to the issue of whether Defendant created a racial and/or religious hostile environment, and therefore should not be admitted.

7. Fed.R.Evid 402 provides that evidence that is not relevant is not admissible. Here, even if Smith was dismissed for stealing, as Defendant claims, it has no tendency to make the existence of any fact of consequence to the determination of whether or not he was subjected to a racially and/or religious hostile environment more probable than not. Defendant has not claimed it was unaware of the alleged reason Smith was discharged, nor has it claimed or plead the existence of after-acquired evidence that would somehow negate or reduce backpay damages. Indeed, Smith is not even seeking backpay in this case.

8. Nor is Smith's employment history admissible as impeachment or character evidence.

9. Under Fed.R.Evid. 404(a), evidence of a person's character or a trait of character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except in certain defined circumstances, none of which are present here.

10. Additionally, Rule 404(b) provides specifically that evidence of prior acts cannot be

introduced to prove the character of a person in order to show he acted in conformity therewith.

11. Here, the only possible relevance of Smith's performance at prior employers, or the reasons he may have left prior employers, would be to suggest how he performed at another employer.

12. Thus, Defendant seeks to introduce this evidence for a purpose specifically prohibited by Rule 404--as evidence that Smith somehow acted in conformity with his performance at the prior employers while working for Defendant.

13. The prior employer character evidence does not fall within any of the exceptions expressly contemplated by Rule 404(b). *Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1511 (D.C. Cir. 1995).

14. Nor is Smith's character at issue in this case. Under Rule 404(b)'s "character in issue" doctrine, character evidence is admissible where character itself is "an" element of a crime, claim, or defense." Fed.R.Evid. 404(a), *Notes of Advisory Committee on Proposed Rules*.

15. Here, Defendant has not offered a plausible theory under which Smith's character could be considered an element of its defense. Defendant's justification for subjecting Smith to the conduct at issue revolves around the fact that Defendant is a construction company, and Smith allegedly was not offended by the conduct. This has nothing to do with his being fired from a prior employer.

16. Defendant's defense is not based on Smith's character. Consequently, Smith's character is not "in issue" in the sense contemplated by the exception to Rule 404.

17. Nor is Smith's employment history admissible for the purpose of impeaching Smith's testimony concerning his reasons for leaving prior employers. Although a party may generally attack

the credibility of any witness Fed.R.Evid. 607, and evidence of character and conduct of a witness may be offered for the purpose of impeachment under Rule 608, these rules do not provide the basis for Defendant's argument nor can they provide a basis for admission of the evidence.

18.     Even if prior employers' reasons for terminating Plaintiffs' employment were in any way relevant to the issues in this case, the probative value of such evidence is not substantially outweighed by the danger of unfair prejudice under Fed.R.Evid. 403.

19.     Defendant's real purpose is to distract the jury from its own questionable conduct by focusing attention on decisions made by previous employers in other places and times. The jury may be induced to believe that past work history insulates Defendant from potential liability for its conduct toward Plaintiff.

20.     A negative stigma attaches to a person who has been fired by an employer. The jury may conclude Smith was a poor employer based on his prior terminations. The stigma attached to the experience of being fired may unfairly taint the jury's perceptions of Smith.

21.     Defendant offers no authority for its claim that Smith's termination by other employer is admissible to legitimize Defendant's decision to tolerate a religious/racially offensive work environment directed at Smith. To the contrary, case law holds the opposite. In *Neuren v. Aducci et al*, 43 F.3d 1507, 1510-11 (D.C. Cir. 1995), a sex discrimination case, the defendant claimed it fired the plaintiff because of difficulty meeting deadlines and poor interpersonal skills. During discovery, the defendant learned the plaintiff had received similar criticism at a prior employer, and attempted to use the evidence to bolster its stated reason for firing her. Id. The D.C. Circuit rejected this argument, finding evidence of performance at the prior employer was character evidence and inadmissible under Fed.R.Evid. 404. *Id.* Likewise, courts have excluded evidence of good

performance at prior or subsequent employer advanced by plaintiffs to bolster their claims that their performance was also good while employed by the defendant-employer. *Rauh v. Coyne*, 744 F. Supp. 1181, 1184 (D.D.C. 1990); *Lewis v. Sentara Alternative Delivery System*, 139 F.3d 890, 891 (4th Cir. 1998).

22. Even if the Jiffy Lube firing did lend legitimacy to Defendants' reason, admission of the fact that Smith was fired there would require Plaintiff to spend a fair amount of trial time and testimony explaining the circumstances of his termination. *West v. Philadelphia Elec. Co.*, 43 F.3d 744, 757 (3d Cir. 1995) (where employer pointed to poor performance at another location, reversible error for the court to exclude Plaintiff's explanation that his poor performance at that location was due to racial harassment). Additional witnesses and documents would need to be presented

WHEREFORE, Plaintiffs move to exclude evidence of Smith's prior work history and records as irrelevant under Fed.R.Evid. 402; impermissible acts and character evidence under Fed.R.Evid. 404; improper impeachment evidence under Fed.R.Evid. 607-609, and finally because the probative value of such evidence does not outweigh the likelihood of unfair prejudice under Fed.R.Evid. 403.

Respectfully submitted,

**OGG, CORDES, MURPHY & IGNELZI**

/S/ Samuel J. Cordes
Samuel J. Cordes
Christine T. Elzer

Pa. I.D. No. 54874 (Cordes)
Pa. I.D. No. 208157 (Elzer)

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 471-8500

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify on this 9th day of March, 2009 I served a copy of *Plaintiff's Motion in Limine to Preclude Evidence of His Employment History* via electronic mail upon the following:

Kurt Miller
Amy Berecek
Thorp Reed & Armstrong
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219

/S/ Samuel J. Cordes
Samuel J. Cordes