IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT SMITH, | Civil Action |
| Plaintiff, | No. 07-1464 |
| v. | Judge McVerry |
| SPECIALTY POOL CONTRACTORS, | |
| Defendant. | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT ABOUT SMITH'S REASONS FOR CONTINUING TO WORK FOR DEFENDANT WHILE HE EXPERIENCED A HOSTILE WORK ENVIRONMENT**

Plaintiff, Robert Smith by undersigned counsel and pursuant to Fed.R.Evid. 402 and 403, moves in limine to preclude evidence and argument about Smith's reasons for continuing to work for Defendant while he experienced a hostile work environment, and in support states the following:

1. This is an action under Section 1 of the Civil Rights Act of 1866, 42 U.S.C. §1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2; and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §955(a) *et seq.*

2. Plaintiff Robert Smith alleges he was subjected to discriminatory terms and conditions of employment because of his race and religion by his employer, Defendant Speciality Pool Contractors, when his supervisors repeatedly told him he was a Jew; reminded him that they did not like Jews, and then repeatedly referred to Smith as a Jew, Hebrew, Abraham and Kike.

3. Many times, Smith's supervisor would refer to the Holocaust, and tell Smith: "Hitler did not do a good enough job because you [Smith] are still alive." At work, Smith's supervisor would taunt Smith by saying "Heil Hitler" and raising his hand in a Nazi salute.

1

4.   In its Pretrial Statement, Defendant argues, "During his employment with Specialty Pool, Smith did not attempt to escape the alleged harassment by applying for employment with other employers." [Doc. 34, page 6].

5.   Defense counsel also asked Smith highly argumentative "questions" at his deposition suggesting that he should have found other employment rather than endure his supervisor's harassment:

> Q:   While you were with Specialty Pool and while you say you were subjected to Dale Rumpf's comments, did you make any effort to find other employment?
>
> A:   No, I didn't.
>
> Q:   And why not? If this situation was causing you extreme emotional distress and mental anguish and causing depression and you were required to dig out trenches that you don't think you should have been required to dig out, why didn't you at least try to find some other employment?

(RS 171/ln 9-20, App. Ex. 1).

> Q:   Well, it was a job that you say was causing you extreme emotional distress. Why didn't you look at the want ads and try to find some job that would not subject you to extreme emotional distress?

(RS 173/ln 21-25, App. Ex. 1)

6.   Smith believes Defendant intends to attempt this same line of questioning at trial, and will argue to the jury that Smith was not subjectively offended by his supervisor's extremely derogatory comments because he did not quit his job.

7.   However, Smith had no legal obligation to quit his job. Title VII "**does not require [a plaintiff to] quit or want to quit the employment in question.**" *Davis v. United States Postal Service*, 142 F.3d 1334, 1341 (10th Cir. 1998)(emphasis added).

8.   Title VII does not force plaintiffs into the "Hobson's choice" of choosing between

an otherwise suitable job and their right to redress a hostile work environment. *Id.* Therefore, in *Davis*, the Tenth Circuit rejected the trial court's "implicit conclusion" that a plaintiff who enjoys his or her work cannot subjectively perceive the work environment to be abusive. *Id.*

9. Indeed, the law **expects** victims of harassment to continue working. *See Pennsylvania State Police v. Suders*, 542 U.S. 129, 147 (2004)("unless conditions are beyond 'ordinary' discrimination, a **complaining employee is expected to remain on the job while seeking redress**"). *See also Perry v. Harris Chernin, Inc.*, 126 F.3d 1010, 1015 (7th Cir. 1997)(same); *Kurschinske v. Meadville Forging Co.*, 06-87, 2007 WL 1811196 at *4 (W.D. Pa. June 21, 2007); *Miklos v. Principi*, 01-CV-2205, 2006 WL 1438159 at *14 (W.D. Pa. March 16, 2006).

10. Therefore, if Smith *did* quit his job, Defendant would likely argue it was not liable because Smith was unreasonable in quitting. *See Suders*, 542 U.S. at 147.

11. Moreover, had Smith quit his job, Defendant would likely argue it was not liable because it did not have a chance to take to take prompt and effective remedial action. *Cf. Knabe v. Boury Corp.*, 114 F.3d 407, 411-12 n. 8 (employee's decision to quit prevented the court "from determining whether [the employer's] remedial action was effective").

12. Here, Defendant seeks to place a higher burden on Smith than the law requires. Smith, who only alleges hostile work environment, need only prove the harassment was sufficiently severe or pervasive to alter the terms of his employment.[1] *Id*; *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67 (1987).

13. It is only when a plaintiff alleges **constructive discharge** that he must prove his

---

[1] Smith also alleges retaliation, which only requires him to prove the employer reacted to his complaints of discrimination by taking action that might have dissuaded a reasonable worker from making or supporting a charge of discrimination. *Burlington Northern & Santa Fe. Railway Co. v. White*, 548 U.S. 53, 68 (2006).

"working conditions [were] so intolerable that a reasonable person would have felt compelled to resign." *Suders*, 542 U.S. at 147. Because constructive discharge "entails something more" than a hostile environment, *id.*, Smith is not held to this higher burden.

14. Because the law not only does not *require* plaintiffs to quit their jobs, but actually *expects* them *not* to, and because Defendant seeks to place a higher burden on Smith by blurring the standards for hostile work environment and constructive discharge, Smith moves *in limine* to exclude evidence and argument about Smith's reasons for remaining on the job.

### A. Evidence of Smith's Reasons for Not Quitting His Job Are Irrelevant to Any Material Issue in this Case.

15. Pursuant to Fed.R.Evid. 402, evidence which is not relevant is not admissible.

16. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

17. As explained above, the determination of whether a reasonable person would feel compelled to quit his job is only relevant to a constructive discharge claim, which Smith does not allege. *See Suders*, 542 U.S. at 147.

18. Because a showing of severe and pervasive harassment does not require an explanation for why Smith quit his job, Defendant's argument that Smith was not harassed because he stayed on the job is a *non sequitur* and proves nothing. *See Davis*, 142 F.3d at 1341; *Suders*, 542 U.S. at 147.

19. As explained above, Smith's decision to stay on the job in the face of a hostile environment has no place in the analysis of any of Smith's claims or Defendant's defenses.

Therefore, evidence and argument on this matter should be excluded as irrelevant.

### B. Any Minimal Probative Value of Smith's Reasons for Not Quitting His Job Is Substantially Outweighed by the Danger of Unfair Prejudice.

20. Even if minimally relevant, Smith's reason for not quitting his job is of low probative value because a showing of severe and pervasive harassment does not require an explanation for why Smith quit his job. *See Davis*, 142 F.3d at 1341; *Suders*, 542 U.S. at 147.

21. On the other hand, the suggestion that Smith must not have felt harassed because he stayed on the job is highly and unfairly prejudicial because it suggests to the jury that Smith must meet a higher burden than he must actually meet.

22. In addition, evidence and argument about Smith staying on the job is likely to waste time and cause jury confusion, because the jury would assume Smith's decision to stay on the job had some sort of legal significance that the law has already determined it does not have.

23. In other words, this type of evidence and argument would have "an undue tendency to suggest decision on an improper basis ... or otherwise may cause a jury to base its decision on something other than the established propositions in the case." *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980)(citations omitted).

24. Therefore, even if the Court finds Smith's decision to stay on the job minimally relevant, its relevance is substantially limited by the danger of unfair prejudice and confusion of the issues, and should therefore be excluded pursuant to Fed.R.Evid. 403.

WHEREFORE, Smith moves to preclude evidence and argument about Smith's reasons for continuing to work for Defendant while he experienced a hostile work environment.

Respectfully submitted,

**OGG, CORDES, MURPHY & IGNELZI**

/S/ Samuel J. Cordes
Samuel J. Cordes
Christine T. Elzer

Pa. I.D. No. 54874 (Cordes)
Pa. I.D. No. 208157 (Elzer)

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 471-8500

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify on this 9th day of March, 2009 I served a copy of ***Plaintiff's Motion in Limine to Preclude Evidence and Argument about Smith's Reasons for Continuing to Work for Defendant While He Experienced a Hostile Work Environment*** via electronic mail upon the following:

Kurt Miller
Amy Berecek
Thorp Reed & Armstrong
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219

/S/ Samuel J. Cordes
Samuel J. Cordes