# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT SMITH, )
)
        Plaintiff, )
)
        v. ) 02: 07-cv-1464
)
)
SPECIALTY POOL CONTRACTORS, )
)
        Defendant. )

## MEMORANDUM ORDER

In anticipation of trial, both parties have filed Motions in Limine. The Motions have been fully briefed and are ready for disposition. The Motions will be addressed seriatim.

<u>Plaintiff's Motion in Limine to Exclude Evidence of His
Old Misdemeanor Convictions (Document No. 38)</u>

Pursuant to Fed. R. Evid. 404(a) and 609, Plaintiff seeks to exclude evidence of his prior misdemeanor convictions for Driving Under the Influence of Alcohol ("DUI"), Simple Assault, and Resisting Arrest. Defendant responds that Plaintiff's June 1999 conviction for Resisting Arrest is admissible under Fed. R. Evid. 609(a)(1) and that "both the Resisting Arrest and Simple Assault convictions, pursuant to Fed. R. Evid. 404(b), are directly relevant to Plaintiff's subjective perception that the work environment at Specialty Pool was hostile or abusive."

Pursuant to Fed. R. Evid. 609(b), "[e]vidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction . . . unless the court determines, in the interest of justice, that the probative value of the conviction . . . substantially outweighs its prejudicial effect. . . ." Plaintiff has three DUI convictions: the

first in 1987; the second in August 1995; and the third in September 1995. Plaintiff's conviction for Simple Assault occurred in 1990. These four convictions each occurred outside the ten-year limitation period provided for in Rule 609(b). The Court does not find that the probative value of these convictions substantially outweigh their prejudicial effect should same be admitted as evidence into the trial. Accordingly, Plaintiff's DUI and Simple Assault convictions will be excluded pursuant to Fed. R. Evid. 609(b).

In June 1999, Plaintiff was convicted of Resisting Arrest under 18 Pa. Cons. Stat. § 5104, a second degree misdemeanor in Pennsylvania which carries with it a maximum penalty of two years. 18 Pa. Cons. Stat. § 1104. The Court recognizes that the admissibility of this particular conviction is a close call as it is approaching the ten-year limitation period provided for in Rule 609(b). However, upon careful consideration of both Rule 609(a) and the factors regarding exclusion under Rule 403, the Court finds that the probative value (attacking the character for truthfulness of a witness) of Plaintiff's June 1999 conviction for Resisting Arrest is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Accordingly, said conviction will be admissible pursuant to Fed. R. Evid. 609.

Defendant also argues that Plaintiff's conviction for Simple Assault and his conviction for Resisting Arrest should be admitted pursuant to Fed. R. Evid. 404(b) as the convictions "bear directly on the likelihood of Plaintiff's subjective perception of the hostility or abusiveness of the environment at Speciality Pool." The Court finds this argument to be without merit. Accordingly, neither Plaintiff's conviction for Simple Assault nor his conviction for Resisting Arrest will be admitted under Fed. R. Evid. 404(b).

Accordingly, this Motion is **GRANTED IN PART** and **DENIED IN PART**.
Plaintiff's conviction for Resisting Arrest will be admissible for the limited purpose as set forth in Fed. R. Evid. 609, *to wit*, attacking the character for truthfulness of a witness.

<u>Plaintiff's Motion In Limine to Preclude Evidence of
Employment History (Document No. 39)</u>

Plaintiff seeks to exclude evidence that he was dismissed from his prior employment with Jiffy Lube for what Defendant calls "stealing" and allegedly was "required after a magistrate hearing" to pay $1,200 restitution to Jiffy Lube. Plaintiff argues that any information with regard to his dismissal from Jiffy Lube is not relevant to the issue of whether Defendant created a racial and/or religious hostile environment and, therefore, should not be admitted.

Defendant responds that, pursuant to Fed. R. Evid. 608(b), it seeks to introduce non-extrinsic evidence of Plaintiff's "theft" related termination from employment with Jiffy Lube, which will be offered solely as a fact bearing on the truthfulness of Plaintiff as a witness. The Court agrees with Defendant that character evidence as to Plaintiff's truthfulness and credibility will be particularly relevant in this case as Plaintiff is the only witness on his behalf who will testify as to whether Defendant created a racial and/or religious hostile work environment.

Pursuant to Fed. R. Evid. 608(b), "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, . . . , may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative

3

of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness. . . ."

Accordingly, this Motion in Limine is **DENIED** and examination of Plaintiff pertaining to Plaintiff's alleged "theft" related termination from Jiffy Lube and the restitution payment will be permitted.

Plaintiff's Motion In Limine to Preclude Evidence of
Smith's Post-Employment Conduct (Document No. 40)

Plaintiff seeks to preclude evidence as to his post-employment conduct, i.e., "that instead of attempting to find a sedentary job to cover his financial obligations, he spends his days sleeping, watching television, and shooting pool in a pool league." Resp. at 1. Plaintiff argues that what he "did or did not do, *after* his employment with Defendant has nothing to do with whether Defendant created a hostile work environment or retaliated against Smith *while* Smith was employed.[1] Therefore, his post-employment conduct is irrelevant to liability." Pl's Mot. at 2.

Defendant responds that this evidence should be admitted under Fed. R. Evid. 404(b) "as proof of Plaintiff's motive and intent in filing this lawsuit. Plaintiff had a clear and direct motive for filing this lawsuit given his current financial situation." Resp. at 2.

---

[1] While in this Motion, Plaintiff states that his employment with Speciality Pool has ended, in his Response to Defendant's Motion in Limine to Exclude Evidence Regarding Statement Allegedly Made by Kathy Rumpf, Plaintiff states that "he remains an employee of Defendant, as he collects worker's compensation benefits." Doc. 50 at ¶ 3.

4

Undeniably, character evidence under Rule 404 is often admitted in criminal cases. The argument has been made that circumstantial use of character evidence ought to be allowed in civil cases to the same extent as in criminal cases. However, as the Commentary to Rule 404 explains:

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

Fed. R. Evid. 404, Commentary (quoting California Law Revision Commission).

For "other acts" evidence to be admissible under the exceptions listed in Rule 404(b), (i) the evidence must have a proper purpose; (ii) it must be relevant under Rule 401 and 402; (iii) its probative value must outweigh its prejudicial effect under Rule 403; and (iv) the court must charge the jury to consider the evidence only for the limited purpose for which it was admitted. *United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992) (*citing Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

Post-employment conduct may be relevant mitigation evidence if a plaintiff is claiming lost wages as backpay or front pay. However, in this case, Plaintiff is neither seeking backpay, frontpay, or reinstatement nor is he claiming that he was constructively discharged. For these reasons, the Court finds that any slight relevance or probative value of Plaintiff's post-employment conduct is substantially outweighed by the danger of unfair prejudice.

Accordingly, this Motion in Limine is **GRANTED** and evidence of Plaintiff's post-employment conduct will be precluded.

Plaintiff's Motion In Limine to Exclude Evidence of His Financial
Obligations and His Poverty (Document No. 41)

Plaintiff seeks to exclude evidence of his financial obligations, which include child support obligations, and his "poverty" on the grounds that such evidence is not relevant to any issues in this case and is too highly prejudicial to be admitted. Defendant responds that "[t]he evidence of Plaintiff's financial obligations is directly relevant to his credibility as the chief witness in this case. Plaintiff's financial interest in the outcome of this case, paired with the need for money to satisfy his financial obligations, bears heavily on his potential bias in giving testimony and his motive for filing this lawsuit." Resp. at 1.

The Court finds Defendant's argument to be without merit. Rule 404(b) is an exception to the general rule against evidence of character to prove conduct, where evidence of "other crimes, wrongs or acts" may be "proof of motive, opportunity, intent, . . . ." Fed. R. Evid. 404(b). "The rule speaks only to '[e]vidence of other crimes, wrongs, or acts.' Being poor is not a crime, wrong or act." *United States v. Mitchell,* 172 F.3d 1104, 1107-08 (9th Cir. 1999).

Likewise, the Court does not find that evidence of Plaintiff's financial obligations or "poverty" is admissible under Fed. R. Evid. 402 or 403. "To determine whether evidence of impecuniousness has relevance, and that its probative value is not outweighed by the risk of unfair prejudice, it is necessary to consider the facts of the particular case. No general proposition can properly resolve all cases, because the multiplicity of circumstances in human conduct is too great." *Id.* at 1108.

As the Court of Appeals for the Ninth Circuit explained in *Mitchell*:

> There is a distinction between an interest, in the sense that it is in anyone's interest to be richer than poorer, and an inclination. A mere interest, unconnected with inclination, desperation, or other evidence that the person was likely to commit the crime does not add much, in most cases, to the probability that the defendant committed a crime. . . . The problem with poverty evidence without more to show motive is not just that it is unfair to poor people, as Wigmore says, but that it does not prove much, because almost everyone, poor or not, has a motive to get more money. . . .

*Id.* at 1109.

For these reasons, the Court finds that evidence of Plaintiff's financial circumstances and obligations is not only of negligible probative value, but its probative value, if any, is substantially outweighed by the danger of unfair prejudice.

Accordingly, this Motion in Limine is **GRANTED**.

<u>Plaintiff's Motion In Limine to Preclude Evidence About Plaintiff's Reasons For Continuing To Work For Defendant While He Experienced A Hostile Work Environment (Document No. 42)</u>

Plaintiff seeks to exclude evidence and argument about the reasons for his continuing to work for Specialty Pool while he experienced an allegedly hostile work environment. Plaintiff correctly argues that "Title VII does not require [a plaintiff to] quit or want to quit the employment in question." Mot. at ¶ 7 (*quoting Davis v. United States Postal Service*, 142 F.3d 1334, 1341 (10th Cir. 1998)).

Defendant responds that "Plaintiff's mental state in choosing to continue to work, while allegedly suffering harassment on a daily basis, is highly probative to establish that he did not, in fact, suffer from mental anguish or emotional distress and that he was not subjectively

7

offended by the Specialty Pool work environment, both claims which are directly at issue in this case." Resp. at 5.

No doubt, the resolution of this Motion is a close call. Plaintiff is absolutely correct that Title VII does not require a plaintiff to quit his or her employment. "Title VII does not presume that the reasonable employee is incapable of separating the deleterious effects of a hostile environment from the aspects of the job which [he] enjoys and finds fulfilling, and it is in part intended to provide [him] with means to put an end to the hostile or abusive behavior so [he] can continue in otherwise desirable employment.*" Davis v. United States Postal Service*, 142 F.3d 1334, 1341 (10th Cir. 1998).

However, with that said, in the instant case, Plaintiff will apparently be the only witness on his behalf who will be able to testify as to whether he suffered mental anguish or mental distress and whether he was subjectively offended by the work environment at Specialty Pool. Accordingly, the Court finds that Defendant will be entitled to inquire as to the reasons why Plaintiff continued his employment with Specialty Pool and did not seek alternative employment. Plaintiff, likewise, will be permitted to testify regarding his reasons for staying on the job in the face of an allegedly hostile work environment.

This line of inquiry by Defendant, however, will be permitted for the limited purpose of probing Plaintiff's mental state under the circumstances at the time and the Court is receptive to a limiting instruction to the jury regarding this evidence and its limited purpose. Accordingly, this Motion in Limine is **DENIED.**

### Plaintiff's Motion In Limine to Preclude Evidence That He Is An Unwed Father (Document No. 43)

Plaintiff seeks to preclude Defendant from offering into evidence the fact that Plaintiff is an unwed father. Defendant responds that this is "general background information, the type of which is commonly admissible." Resp. at 1. Further, Defendant argues that "evidence that Plaintiff is an unwed father and that several of his illegitimate children are dependent on him for support is part of Plaintiff's story and is relevant to Specialty Pool's theory that Plaintiff's motive and intention in filing this lawsuit was to cover his financial obligations, including child support of his illegitimate children, instead of attempting to find a job."

The Court finds that Defendant's attempt to delve into every detail of Plaintiff's personal life in order to impugn his motives for this lawsuit is not appropriate and is unduly prejudicial. Impugning the Plaintiff's motive for bringing this lawsuit does nothing to rebut the merits of the claim. The Court finds that the fact that Plaintiff is an unwed father and has delinquent child support obligations has no relevance or probative value to any material issue properly before the jury.

Accordingly, the Motion in Limine is **GRANTED.**

### Plaintiff's Motion In Limine to Prelude Evidence of Smith's Receipt of Workers' Compensation Benefits (Document No. 44)

Plaintiff seeks to exclude evidence of his receipt of workers' compensation benefits and his work-related injury. Plaintiff contends that his receipt of workers' compensation benefits is not relevant to any issue in this case and that admission of this evidence will be

highly prejudicial. Defendant responds that Plaintiff's "receipt of workers' compensation benefits is directly relevant to the reasons for why he no longer is working at Specialty Pool." Resp. at 1. The Court agrees with the Defendant.

Plaintiff's receipt of workers' compensation benefits is directly relevant to the reasons why Plaintiff is no longer actively employed at Specialty Pool and arguably why he has not secured new employment. The Court finds that to avoid the inference that Plaintiff left Specialty Pool because of an allegedly hostile working environment, Specialty Pool should be permitted to present to the jury the actual reason why Plaintiff is no longer working there.

However, this evidence will be limited to how Plaintiff sustained his work-related injury, his resultant inability to perform labor intensive work, and eligibility for and receipt of workers' compensation benefits. Such evidence will not be expanded to include the amounts of benefit payments he receives, nor his lifestyle activities on a day-to-day basis over the period of his receipt of workers' compensation benefits.

Accordingly, the Motion in Limine is **GRANTED IN PART and DENIED IN PART**.

<u>Plaintiff's Motion In Limine to Exclude Previously Undisclosed Witnesses</u>
(Document No. 45)

In its Pretrial Statement, Defendant lists the following as witnesses for damages and liability: Joshua Brown, Alice Doubt, James Goldman, Gary Gottshalk, Betty Klespies, Dawn Norris, Jacob Norris, James O'Donnell, Allan Rose, Ron Rumpf, and Donald White. Defendant does not dispute that it had not previously disclosed any of these potential witnesses

and agrees that "witnesses whom the parties did not identify in their Initial Disclosures, or in supplemental disclosures made prior to the close of discovery, should not testify at trial. . . ." Def's Resp. at 2.

Accordingly, this Motion in Limine is **GRANTED** and the following individuals are precluded from testifying at trial:   Joshua Brown, Alice Doubt, James Goldman, Gary Gottshalk, Betty Klespies, Dawn Norris, Jacob Norris, James O'Donnell, Allan Rose, Ron Rumpf, and Donald White.

### Defendant's Motion in Limine to Exclude Evidence Regarding Statement Allegedly Made by Kathy Rumpf (Document No. 46)

Plaintiff testified in his deposition that Kathy Rumpf approached him in April or May of 2008 and allegedly made a statement to the effect that she hoped he burned in hell and that he was a rotten no-good Jew.  Defendant seeks to have the statement allegedly made by Kathy Rumpf excluded from the trial as it is "not logically relevant to any fact at issue in this case."   The Court agrees.

First, Kathy Rumpf's alleged statement was made in April or May 2008, nearly two (2) years  after Plaintiff's last date of active employment with Defendant (July 2006).  Next, it is not at all clear that Kathy Rumpf was an employee of Defendant in 2008 or previously for that matter.  Third, the alleged statement was not made at Speciality Pool or at any Speciality Pool job site and was not made by any person whom Plaintiff contends harassed him during his active employment with Speciality Pool.

For all these reasons, the Motion in Limine is **GRANTED**. No testimony or other evidence regarding the statement allegedly made by Kathy Rumpf may be referred to or offered into evidence at trial.

<u>Defendant's Motion in Limine to Exclude Testimony of
Ellen Wurms and Robert Smith, Jr. (Document No. 47)</u>

On or about February 22, 2008, Plaintiff served upon Defendant his Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a) which did not identify either Ellen Wurms or Robert Smith, Jr., as individuals likely to have discoverable information that Plaintiff may use to support his claims. Discovery closed in this case on June 7, 2008. Plaintiff filed his Pretrial Statement on October 14, 2008, and listed Ellen Wurms and Robert Smith, Jr., as trial witnesses. Plaintiff also stated in his Pretrial Statement that he may call "[a]ll liability witnesses on Defendant's Trial Witness List." Pl's Pretrial Stmt, at 3.

On November 7, 2008, Defendant filed its Pretrial Statement in which it listed both Ellen Wurms and Robert K. Smith, Jr., as "Witnesses Whom Defendant <u>May</u> Call." Def's Pretrial Stmt, at 9 (emphasis added).

On February 19, 2009, Plaintiff served Defendant with Supplemental Required Disclosures in which he identified Ellen Wurms as an individual likely to have discovery information that Plaintiff may use to support his claims or defenses, but did not identify Robert Smith, Jr., in those supplemental disclosures.

Defendant requests that both Ellen Wurms and Robert Smith, Jr., be precluded from testifying at trial. Plaintiff responds that the failure to list these witnesses on the Rule 26(a)

filing is harmless, especially in light of the fact that he disclosed in his pretrial statement that he may also call all liability and/or damage witnesses listed on Defendant's Trial List, and both Ellen Wurms and Robert Smith, Jr., were listed by Defendant as potential witnesses.

The Court disagrees that the failure to list these witnesses on the Rule 26(A) filing is harmless. Federal Rule of Civil Procedure 37(c)(1) specifically provides that "[i]f a party fails to identify a witness as required by Fed.R.Civ.P. 26(a) or (e), the party is not allowed to use that witness at trial, unless the failure was substantially justified or is harmless." Defendant points out that fact discovery closed on June 7, 2008, and contends that these individuals were not deposed because they were not identified by Plaintiff in his Rule 26(a) or 26(e) disclosures as individuals likely to have discoverable information that Plaintiff may use to support his claims.

Accordingly, this Motion in Limine is **GRANTED** and both Ellen Wurms and Robert Smith, Jr., are precluded from being called as witnesses at trial for the reasons above stated.

So **ORDERED** this 25th day of March, 2009.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Samuel J. Cordes, Esquire
Ogg, Cordes, Murphy & Ignelzi
Email: scordes@ocmilaw.com

Christine T. Elzer, Esquire
Ogg, Cordes, Murphy & Ignelzi
Email: celzer@ocmilaw.com

Kurt A. Miller, Esquire
Thorp, Reed & Armstrong
Email: kmiller@thorpreed.com

Amy L. Berecek, Esquire
Thorp Reed & Armstrong
Email: aberecek@thorpreed.com

Megan L. Palumbo, Esquire
Thorp, Reed & Armstrong
Email: mpalumbo@thorpreed.com