IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT SMITH, | Civil Action |
| Plaintiff, | No. 07-1464 |
| v. | Judge McVerry |
| SPECIALTY POOL CONTRACTORS, | |
| Defendant. | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF ELLEN WURMS AND ROBERT SMITH JR. [DOC. 47] AS IT RELATES TO ELLEN WURMS**

Plaintiff, Robert Smith, by undersigned counsel, respectfully moves for reconsideration of the Court's Order of March 25, 2009 [Doc. No. 85] which granted Defendant's Motion in Limine to exclude the testimony of Ellen Wurms and Robert Smith, Jr.[1] [Doc. No. 47] and in support states the following:

1. On March 9, 2009, Defendant moved *in limine* to exclude the testimony at trial of Ellen Wurms and Robert, Smith Jr., arguing that neither witness was disclosed in Smith's Initial Disclosures. [Doc. 47].

2. On March 16, 2009, Smith filed a response to Defendant's Motion [Doc. 49], explaining that on March 28, 2008, before any depositions were noticed or conducted in this case, Smith disclosed Ellen Wurms as a person with knowledge of Smith's claims in response to Defendant's First Interrogatories. *See* Plaintiff's Response to Defendant's First Interrogatories No. 13, App. Ex. 1; *see also* Doc. 49 at ¶2.

---

[1] Smith does not challenge this Court's ruling with respect to Robert Smith, Jr.

1

3. On March 25, 2009, this Court entered a Memorandum Order, which, *inter alia,* granted Defendant's Motion to Exclude Testimony of Ellen Wurms and Robert Smith, Jr. [Doc. 85 at 12-13].

4. In its Memorandum Order, this Court did ***not note*** that Smith ***disclosed Wurms*** as a person with discoverable information one year ago, ***three months before*** discovery was scheduled to close pursuant to this Court's Case Management Order, and about one month after the filing of the Rule 26(a) disclosures [Doc. 10]:

> Please identify by name, address and telephone number, each person having knowledge relating to your claim that Dale Rumpf made derogatory comments about Plaintiff's race and religion and describe the knowledge each person possesses.
>
> **ANSWER:** The following individuals are believed to have information:
> .....
>
> **Ellen Wurms-4123** [sic]**-331-2554**

(App. Ex. 1).

5. In addition, the Memorandum Order did not mention that Defendant questioned Smith in his deposition about Wurms' involvement in at least one meeting Smith's supervisor where he complained about racial and religious harassment. (RS 149-152, App. Ex 2); [Doc. 49 at ¶ 3], nor that Defendant's own manager, Jerald Doubt, testified a meeting took place at Wurms' house. (JD 8-10, App. Ex. 3); [Doc. 49 at ¶ 4].

6. In other words, Smith told Defendant, in no uncertain terms, that Wurms had knowledge of at least one material issue in this case on ***March 28, 2008***, ***before*** either party had even ***noticed*** depositions.

7. Therefore Defendant's claim that "[b]ecause Plaintiff did not identify Ellen Wurms ... in his Rule 26(f) Disclosures as individuals likely to have discoverable information that Plaintiff

2

may use to support his claims, Specialty Pool did not take their depositions," is wholly disingenuous and without merit.

8. Rather, Defendant's decision not to depose Wurms was a strategic move on its part that had absolutely nothing to do with a lack of knowledge about her existence, or her relevance to this case.

9. Pursuant to Fed. R. Civ. P. 37(c), "if a party fails to ... identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that ... witness to supply evidence ... at a trial unless the failure was substantially justified or is *harmless*." (Emphasis added).

10. Because Smith disclosed Wurms, ***both orally and in writing***, during discovery, his inadvertent failure to list her in his formal Rule 26 disclosures is nothing but harmless.

11. The limitation of Rule 37's automatic exclusion sanction to "violations 'without substantial justification,' coupled with the exception for violations that are 'harmless,' is **needed to avoid unduly harsh penalties** in a variety of situations: e.g., the ***inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties***..." Fed. R. Civ. P. 37, Advisory Committee Notes, 1993 Amendments (emphasis added).

12. In other words, the drafters of Rule 37(c) envisioned this *exact* situation when they included the requirement that "undisclosed" evidence shall be excluded *only* when the failure to disclose is unjustified or not "harmless."

13. Indeed, the outright "exclusion of critical evidence is an 'extreme' sanction, not normally imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997).

14. In deciding whether to impose the harsh sanction of excluding a witness, this Court should consider:

    a. The prejudice or surprise in fact of the party against whom the excluded witness will have testified;

    b. The ability of that party to cure the prejudice;

    c. The extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court;

    d. Bad faith or willfulness in failing to comply with the district court's order; and

    e. The importance of the excluded testimony.

15. In *Quinn v. Consol. Freightways Corp.*, 283 F.3d 572 (3d Cir. 2002), the Third Circuit applied the above factors and **held the district court abused its discretion in limiting the testimony of a plaintiff's witness in a Title VII sexual harassment case**. There, the plaintiff deposed the witness in the presence of defense counsel, and the witness testified about an incident of harassment in a hotel room. *Id.* at 575-76. However, the plaintiff never supplemented her interrogatory answers to include the hotel room incident. The trial court therefore excluded the witness' testimony on this point under Fed. R. Civ. P. 37. *Id.* at 576. The Third Circuit reversed, applying the above factors and holding it was clear that the defense knew about the hotel incident for seven months; any prejudice was neutralized because defense counsel could cross-examine her; there was no suggestion the trial would be interrupted; and there was no specific finding of willfulness or bad faith. *Id.* at 577.

16. Other courts in this circuit agree. *See Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d

76, 79 (3d Cir. 1994)(applying similar factors and holding district court abused discretion in striking expert's testimony when expert disassembled allegedly defective product); *In re Jacoby Plane Crash*, 99-6073, 2007 WL 559801 at *9 (D. N.J. February 14, 2007 (applying *Konstantopoulos* factors, and denying motion to exclude several witnesses); *Cobb. v. Philadelphia Glass Works*, 01-4937, 2004 764783 (E.D. Pa. March 31, 2004) at *4-*5 (denying motion to strike affidavit of technically "undisclosed" witness when opposing party knew of witness and relevance to the case and failure to disclose was therefore harmless).

17. As explained above, Defendant will not suffer any unfair prejudice or surprise by Ellen Wurms' testimony. Defendant was fully aware of Wurms and her relevance in this case, ***one month after the Rule 26(a) disclosures, and three months before discovery ended***. It consciously decided not to depose her.

18. As to the second factor, the ability of Defendant to cure any prejudice it might suffer, this could have been cured in March 2008, more than a year ago, when Smith disclosed Wurms in discovery.

19. The third factor, related to the rule against calling unlisted witnesses, does not apply here because ***Wurms was "listed" in discovery***, and in *both* Smith's and Defendant's Pretrial Statements.

20. The fourth factor, bad faith or willfulness in failing to comply with a court order, does not apply here because no order is at issue. Moreover, Defendant has not alleged that Smith engaged in any type of bad faith or willfulness. Indeed, Smith did not hide Wurms from Defendant in any way, but merely neglected to list her in Initial Disclosures.

21. Finally, Wurms' testimony is very important in this case. As Defendant and this Court have repeatedly noted, much of Smith's case depends solely on his own testimony. (*See* Doc. 85 at 3, 8; Doc. 68 at 4; Doc. 66 at 4). However, Wurms can corroborate Smith's version of the meeting where he complained to Doubt about harassment–a material issue in this case on which Smith and Doubt conflict. In addition, Wurms, as Smith's longtime girlfriend, experienced his emotional state on a day-to-day basis while he worked at Specialty Pool, and is the only person other than Smith with knowledge about how Smith's supervisors' incessant ridiculing affected him. This is relevant to both Smith's subjective perception of the harassment, as well as his damages. Therefore, Smith would be substantially prejudiced if this Court precludes Wurms from testifying.

22. As the Third Circuit observed in *Quinn*, "plaintiffs face proof problems in employment discrimination cases." *Quinn*, 283 F.3d at 578. Therefore, there is a general "judicial inhospitablility to blanket evidentiary exclusions in discrimination cases in this and other circuits." *Id.* Given the problems of proof Smith will encounter as a discrimination plaintiff and the key witness to his damages, this Court should deny Defendant's motion to exclude Wurms–a request by Defendant to make Smith's case even harder, when Defendant knew of her relevance to this case from the beginning, although it now pretends otherwise.

WHEREFORE, because the Court may have overlooked the fact that ***Wurms was disclosed to Defendant in March 2008, three months before discovery concluded***, and before any witnesses were deposed, Smith respectfully requests that this Court reconsider Defendant's Motion to Exclude Testimony of Ellen Wurms and Robert Smith., Jr., and deny that motion with respect to Ellen Wurms.

        Respectfully submitted,

        **OGG, CORDES, MURPHY & IGNELZI**

        /S/ Christine T. Elzer
        Samuel J. Cordes
        Christine T. Elzer

        Pa. I.D. No. 54874 (Cordes)
        Pa. I.D. No. 208157 (Elzer)

        245 Fort Pitt Boulevard
        Pittsburgh, PA 15222
        (412) 471-8500

        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify on this 26th day of March, 2009 I served a copy of ***Plaintiff's Response in Opposition to Defendant's Motion in Limine to Exclude Evidence Regarding Statement Allegedly Made by Kathy Rumpf [Doc. 46]*** via electronic mail upon the following:

Kurt Miller
Amy Berecek
Thorp Reed & Armstrong
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219

/S/ Christine T. Elzer
Christine T. Elzer