**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ROBERT SMITH,                          )
                                       )
                    Plaintiff,         )
                                       )
         v.                            )         02: 07-cv-1464
                                       )
                                       )
SPECIALTY POOL CONTRACTORS,            )
                                       )
                    Defendant.         )

**MEMORANDUM ORDER**

Presently before the Court is the MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF ELLEN WURMS AND ROBERT SMITH, JR., AS IT RELATES TO ELLEN WURMS, filed by Plaintiff (Document No. 86).

On March 25, 2009, the Court entered a Memorandum Order in which it, *inter alia*, granted Defendant's Motion to Exclude Testimony of Ellen Wurms and Robert Smith, Jr. The Court ruled that because Plaintiff had failed to identify either Ellen Wurms or Robert Smith, Jr., on his Rule 26(a) or (e) Initial Disclosures both would be precluded from being called as witnesses at trial.

Plaintiff has filed the instant motion asking the Court to reconsider its decision only as it pertains to Ellen Wurms. In support of its request, Plaintiff emphasizes that in his Answer to Interrogatories he identified Wurms as a "person having knowledge relating to your claim . . ." The Answers to Interrogatories were served by Plaintiff upon Defendant three months before the close of discovery.

Further, Plaintiff points out that during the deposition of the Plaintiff, he was questioned by Defendant, *inter alia,* about the involvement of Ellen Wurms in at least one meeting between Plaintiff and Jerald Doubt wherein Plaintiff complained about racial and religious harassment at Specialty Pool. Moreover, Jerald Doubt testified in his deposition that a meeting with Plaintiff took place at Ellen Wurms' house and that she was at home at the time.

Also significant to this determination is that on its Pretrial Statement, Defendant listed Ellen Wurms as witness "Whom Defendant May Call."

Upon careful reconsideration, the Court finds that prior to the end of the discovery period in this case, Plaintiff had disclosed Ellen Wurms as an individual having knowledge of the Plaintiff's claims and his failure to identify Ellen Wurms on his Rule 26(a) and (e) disclosures is harmless under the circumstances. Accordingly, the instant Motion for Reconsideration is **GRANTED** and Plaintiff will be permitted to call Ellen Wurms as a witness at trial.

So **ORDERED** this 27th day of March, 2009.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:      Samuel J. Cordes, Esquire
         Ogg, Cordes, Murphy & Ignelzi
         Email: scordes@ocmilaw.com

         Christine T. Elzer, Esquire
         Ogg, Cordes, Murphy & Ignelzi
         Email: celzer@ocmilaw.com

         Kurt A. Miller, Esquire
         Thorp, Reed & Armstrong
         Email: kmiller@thorpreed.com

         Amy L. Berecek, Esquire
         Thorp Reed & Armstrong
         Email: aberecek@thorpreed.com

         Megan L. Palumbo, Esquire
         Thorp, Reed & Armstrong
         Email: mpalumbo@thorpreed.com